IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| German Solis-Antonio,<br><br>               Petitioner,<br><br>v.<br><br>Ryan Thornell, Attorney General of the State of Arizona,<br><br>               Respondents. | No. CV 24-00182 PHX MTL (CDB)<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE MICHAEL T. LIBURDI:**

       Petitioner German Solis-Antonio seeks relief from his state conviction and sentence, pursuant to 28 U.S.C. § 2254. The matter is now ready for the Court's review.

      **I.**      **Background**

       A Maricopa County grand jury indictment returned August 12, 2015, charged Solis-Antonio with two counts of physical child abuse, regarding two victims; the crimes were charged as class 2 felonies and dangerous crimes against a child. (ECF No. 11-1 at 4-7). On April 19, 2017, pursuant to a written plea agreement and after a settlement conference and a *Donald* hearing (ECF No. 11-1 at 21-29),[1] Solis-Antonio pleaded guilty to one count of child abuse, a class 2 felony and a dangerous crime against a child, and one amended

---

[1] A "*Donald*" hearing is a hearing before a judge where a defendant is informed of the details of a plea agreement as well as the risks of going to trial and the sentencing range that the defendant would face were he to be convicted on some or all of the charges against him. *See State v. Donald*, 198 Ariz. 406 (Ariz. Ct. App. 2000). At the *Donald* hearing, Solis-Antonio was advised that if he went to trial and was found guilty on both charges he faced a minimum of 20 years' imprisonment and a maximum of 48 years' imprisonment. (ECF No. 11-1 at 25).

1  count of attempted child abuse, a class 3 felony and a dangerous crime against a child.
2  (ECF No. 11-1 at 43-61). In the written plea agreement the parties stipulated that Solis-
3  Antonio would be sentenced to ten to 17 calendar years imprisonment for child abuse and
4  to lifetime probation for attempted child abuse. (ECF No. 11-1 at 66-68). In return for the
5  guilty pleas the State agreed to dismiss the allegation that the attempted count was a
6  dangerous crime against a child in the first degree. (ECF No. 11-1 at 67).
7         Solis-Antonio signed the plea agreement, averring he understood and approved all
8  of the terms of the plea agreement. (ECF No. 11-1 at 68). Solis-Antonio further avowed
9  his "plea [wa]s voluntary and not the result of force, or threat, or promises other than those
10 contained in the plea agreement." (*Id.*). At a contemporaneous plea hearing the state trial
11 court reviewed the plea agreement with Solis-Antonio. (ECF No. 11-1 at 43-60). Solis-
12 Antonio averred the plea was not the result of threats or promises not contained in the plea
13 agreement. (ECF No. 11-1 at 47). Solis-Antonio agreed he had signed the plea agreement
14 voluntarily and of his own free will. (*Id.*). Solis-Antonio confirmed he agreed with and
15 signed the factual basis addendum (ECF No. 11-1 at 69), and he understood the recitation
16 of the factual basis for his guilty pleas before signing the addendum. (ECF No. 11-1 at 48).
17 The court advised Solis-Antonio of the range of his possible sentence and all the
18 constitutional rights and rights of review he was waiving by pleading guilty. (ECF No. 11-
19 1 at 48-51, 54-55). Solis-Antonio confirmed he understood his rights, and averred he
20 wanted to waive those rights and plead guilty. (ECF No. 11-1 at 57-58). The state trial court
21 found Solis-Antonio was knowingly, voluntarily, and intelligently pleading guilty to the
22 counts of conviction. (ECF No. 11-1 at 59).
23        On June 30, 2017, at the conclusion of a hearing during which both Solis-Antonio
24 and his counsel addressed the court, the trial court accepted the plea agreement and
25 sentenced Solis-Antonio to the presumptive term of 17 years' imprisonment followed by
26 lifetime probation. (ECF No. 11-1 at 71-99).
27        On July 26, 2017, Solis-Antonio initiated a post-conviction proceeding pursuant to
28 Rule 33.1 of the Arizona Rules of Criminal Procedure. (ECF No. 11-1 at 107-09). In his

petition Solis-Antonio asserted a claim of ineffective assistance of counsel. (*Id.*). Solis-Antonio was appointed post-conviction counsel. (ECF No. 11-1 at 111-12). His appointed post-conviction counsel advised the state habeas court they had reviewed transcripts from the settlement conference, the change-of-plea hearing, and sentencing, and also reviewed information from Solis-Antonio's trial counsel. (ECF No. 11-1 at 114-17). Post-conviction counsel averred that, after investigating the case for any colorable claims, they determined there were no colorable claims to raise on Solis-Antonio's behalf. (*Id.*). The trial court granted Solis-Antonio additional time to file a pro per petition. (ECF No. 11-1 at 119-31).

On November 21, 2018, Solis-Antonio filed a pro per petition for post-conviction relief. (ECF No. 11-1 at 134-48). Solis-Antonio asserted he was denied the effective assistance of counsel; the trial court erred in declining to appoint new counsel at the *Donald* hearing; and he was "not guilty" and had been "wrongfully convicted." (*Id.*).

The state habeas trial court denied relief in an order issued May 1, 2019, concluding Solis-Antonio failed to assert a colorable claim for relief. (ECF No. 11-1 at 196-202). *Inter alia*, after a thorough examination of the claims the court found trial counsel's performance was not deficient and Solis-Antonio was not prejudiced by counsel's alleged deficient performance. (ECF No. 11-1 at 197-201).

The record in this matter does not indicate Solis-Antonio sought review of the denial of relief by the Arizona Court of Appeals, timely or otherwise. (ECF No. 11-2 at 51-52).[2]

On January 4, 2023, Solis-Antonio filed a second petition for postconviction relief. (ECF No. 11-2 at 2-20). The state habeas trial court noted that because Solis-Antonio had entered a guilty plea, the first Rule 33 action was an appeal of right and Solis-Antonio was allowed to file a second petition only "for the purpose of challenging the effectiveness of

---

[2] Solis-Antonio does not speak or write in English, and he had an interpreter throughout his state court criminal proceedings. His habeas petition, written in English and evidently prepared with assistance, incorrectly states he was sentenced to 20 years of flat time, and that he took a direct appeal in November of 2015 (ECF No. 1 at 2), in addition to stating he took an appeal to the Arizona Supreme Court in September of 2023 (ECF No. 1 at 3) and he filed an appeal of the trial court's denial of post-conviction relief in January of 2017 (ECF No. 1 at 4). Respondent has supplied the Court with the state-court docket in the case, CR2015-136324 (ECF No. 11-2 at 47-64), which supports the recitation of the criminal and post-conviction proceedings provided herein.

post-conviction relief counsel" in the first proceeding. (ECF No. 11-2 at 22). The court further found that the second petition would have been due within 30 days of the final order in the first action, i.e., no later than May 31, 2019. Accordingly, on February 13, 2023, the state trial court dismissed the petition, finding it was untimely. (*Id.*).

Solis-Antonio filed a petition for review in the Arizona Court of Appeals (ECF No. 11-2 at 26-35), which was denied on July 26, 2023 (ECF No. 11-2 at 38-40). The appellate court found and concluded:

> In January 2023, Solis-Antonio filed a second petition for post-conviction relief, asserting claims under Rule 33.1(a), (e), and (h). In a memorandum attached to his petition, Solis-Antonio described several aspects of the pretrial and plea process, mentioning a litany of issues, including ineffective assistance of trial counsel, constitutional violations, the denial of his request for new counsel, conflicts of interest, language barriers, being forced to plead guilty, and actual innocence.
>
> The next month, the superior court summarily dismissed Solis-Antonio's petition. As to Rule 33.1(a), the court determined that his claims were precluded because he either had raised them in his previous petition or he could have done so. As to Rule 33.1(e), the court observed that Solis-Antonio had not "provide[d] any new facts or evidence" to support relief but instead raised "a series of arguments rejected in his first Rule 33 proceeding." The court explained these were neither "facts" nor "new." Finally, as to Rule 33.1(h), the court determined that Solis-Antonio had failed to demonstrate "by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt." …
>
> In his petition [for review], Solis-Antonio asks this court to accept jurisdiction and conduct a de novo review. He seems to suggest the superior court erred by rejecting his claims in a "boilerplate" ruling, but he fails to develop any cognizable legal argument. *See* Ariz. R. Crim. P. 33.16(c)(2)(B), (D) (petition for review must contain "statement of issues the trial court decided that the defendant is presenting for appellate review" and "reasons why the appellate court should grant the petition, including citations to supporting legal authority"). He also fails to cite any legal authority or record references supporting his position. *See* Ariz. R. Crim. P. 33.16(c)(2)(C), (D). His failure to comply with our rules or present meaningful argument justifies our summary denial of review. …

(ECF No. 11-2 at 39-40).

1    On August 9, 2023, Solis-Antonio filed a petition for review in the Arizona Supreme Court, which was denied on November 8, 2023. (ECF No. 11-2 at 42, 45).

In his federal habeas petition Solis-Antonio asserts he is entitled to relief from his conviction and sentence because he was subjected to a "miscarriage of justice;" he was denied the effective assistance of counsel; he was denied his right to be free of double jeopardy; and he was subjected to vindictive prosecution. (ECF No. 1). Upon screening the petition the first claim for relief was dismissed and Respondents were ordered to answer the other three claims for relief. (ECF No. 6). In response to the petition, Respondents assert federal habeas relief is barred by the governing statute of limitations. (ECF No. 11).

## II.   Analysis

Solis-Antonio's petition for habeas corpus relief is barred by the statute of limitations stated in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The AEDPA imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations on habeas petitions begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations period is statutorily tolled during the time a "properly filed" state action for post-conviction relief is pending in the state courts. *Id.* § 2244(d)(2).

To assess the timeliness of the pending petition, the Court must first determine the date on which Solis-Antonio's conviction became "final by the conclusion of direct review." *Id.* § 2244(d)(1)(A). By pleading guilty, Solis-Antonio was precluded from pursuing a direct appeal in the Arizona Court of Appeals. Instead, Solis-Antonio was entitled to seek review of his conviction and sentence in an "of-right" proceeding pursuant to Rule 33 (formerly Rule 32) of the Arizona Rules of Criminal Procedure, the functional equivalent of a direct appeal with regard to a pleading defendant in Arizona. *See*, *e.g.*, *Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1058 n.1 (9th Cir. 2007), *citing Summers v. Schriro*, 481 F.3d 710, 715-16 (9th Cir. 2007) ("[b]ecause a Rule 32 of-right proceeding is a form of direct review, AEDPA's one-year statute of limitations does not begin to run

until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). *See also Hemmerle v.* Schriro, 495 F.3d 1069, 1074 n.4 (9th Cir. 2007); *Van Norman v. Schriro*, 616 F. Supp. 2d 939, 948 (D. Ariz. 2007).

Solis-Antonio timely filed a state action for post-conviction relief pursuant to Rule 33. The state habeas trial court denied relief in an order entered May 1, 2019, and the time allowed for Solis-Antonio to seek review by the Arizona Court of Appeals expired May 31, 2019. *See* Ariz. R. Crim. P. 33.16(a)(1). Solis-Antonio did not file a petition for appellate review on or before May 31, 2019. Accordingly, the statute of limitations on his federal habeas petition began to run on June 1, 2019, and the statute of limitations expired June 1, 2020. Solis-Antonio' federal habeas petition, signed and placed in the prison mail system on January 22, 2024, was filed more than three years after the statute of limitations expired.

The limitations period is statutorily tolled during the time a "properly filed" state action for post-conviction relief is pending in the state courts. *See* 28 U.S.C. § 2244(d)(2). "Properly filed means the petition's delivery and acceptance are in compliance with the applicable laws and rules governing filings in that state." *Bonner v. Carey*, 425 F.3d 1145, 1148 (9th Cir. 2005) (internal citations omitted). In *Pace v. DiGuglielmo*, the Supreme Court held that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." 544 U.S. 408, 410, 413 (2005) (holding a state petition that is not filed within the state's required time limit is not "properly filed."). *See also Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) (holding the *Pace* rule applies even where there are exceptions to the state-court filing deadlines, and reaffirming that a state court's rejection of a petition as untimely is "the end of the matter").

Solis-Antonio initiated a second state action for post-conviction relief on January 4, 2023, more than two years after the statute of limitations had expired with regard to a federal habeas action. Solis-Antonio's second Rule 32 action was not a "properly filed" action for state post-conviction relief, as the state court found the second petition was

untimely. *See Pace*, 544 U.S. at 413 (holding that a state petition that is not filed within the state's required time limit is not "properly filed."). *See also Allen*, 552 U.S. at 5-7. Furthermore, Solis-Antonio's second post-conviction action did not revive or restart the already-expired limitations period with regard to his federal habeas petition. *See Larson v. Soto*, 742 F.3d 1082, 1088 (9th Cir. 2013); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

The one-year statute of limitations for filing a federal habeas petition may be equitably tolled if extraordinary circumstances beyond the petitioner's control prevented them from filing their petition on time and the petitioner was diligent in pursuing their post-conviction remedies. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Gibbs v. Legrand*, 767 F.3d 879, 884-85 (9th Cir. 2014). As to the first element, "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal citations and quotations omitted). To be entitled to equitable tolling, the petitioner must establish "due diligence," i.e., that he diligently pursued his claims and that "some extraordinary circumstance" beyond his control "*prevented*" the timely filing of his habeas petition. *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) (internal quotations and citations omitted, emphasis in original). As to the second element, "[e]quitable tolling is applicable only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quotations and citations omitted). The "extraordinary circumstance" must be attributable to an external force rather than a petitioner's lack of diligence or his lack of legal knowledge. *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling is also available if the petitioner establishes their actual, factual innocence of the crimes of conviction. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Stewart v. Cate*, 757 F.3d 929, 937-38 (9th Cir. 2014).

Equitable tolling is to be rarely granted. *See, e.g., Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Waldon-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). It is the petitioner's burden to establish that equitable tolling is warranted in his

case. *See Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010); *Waldon-Ramsey*, 556 F.3d at 1011; *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2004). To be entitled to equitable tolling Solis-Antonio must show "extraordinary circumstances were the *cause* of his untimeliness and that the extraordinary circumstances made it *impossible* to file a petition on time." *Porter*, 620 F.3d at 959 (emphasis added and internal quotations omitted). *See also Bryant*, 499 F.3d at 1060 (holding the petitioner must establish a "causal connection" between the extraordinary circumstances and their failure to file a timely petition).

Solis-Antonio has not filed a reply in support of his habeas petition addressing Respondents' contention that his claims are time-barred. Solis-Antonio fails to assert any basis for equitable tolling of the statute of limitations, and he does not assert the existence of any extraordinary circumstances that were the cause of his failure to timely file a federal habeas petition. Nor has he established his factual innocence of the crimes of conviction. Accordingly, equitable tolling of the statute of limitations is not warranted in this matter.

**III.    Conclusion**

Solis-Antonio's federal habeas petition was not filed within the applicable statute of limitations. Solis-Antonio has not presented an argument that equitable tolling of the statute of limitations is warranted. Accordingly,

**IT IS RECOMMENDED that** the petition seeking a federal writ of habeas corpus at ECF No. 1 be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2(e)(3) of the Local Rules of Civil Procedure for the United States District Court for the District of

Arizona, objections to the Report and Recommendation may not exceed ten (10) pages in length. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to "issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. The undersigned recommends that, should the Report and Recommendation be adopted and, should Solis-Antonio seek a certificate of appealability, a certificate of appealability should be denied because he has not made a substantial showing of the denial of a constitutional right.

Dated this 22nd day of November, 2024.

Camille D. Bibles
United States Magistrate Judge